Gu v. Garland

BIA
Wright, IJ
A200 181 197

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of November, two thousand twenty-two.

PRESENT:
>        GERARD E. LYNCH,
>        MICHAEL H. PARK,
>        STEVEN J. MENASHI,
>             *Circuit Judges.*

_____

XIAOLING GU,
>        *Petitioner*,

>        v.                                          20-2991
>                                                    NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
>        *Respondent*.

_____

FOR PETITIONER:                 Aleksander Boleslaw Milch, Esq.,
                                The Kasen Law Firm, PLLC,
                                Flushing, NY.

**FOR RESPONDENT:**        Brian M. Boynton, Acting Assistant
                          Attorney General; Mary Jane
                          Candaux, Assistant Director,
                          Office of Immigration Litigation;
                          Stephen Finn, Trial Attorney,
                          Office of Immigration Litigation,
                          United States Department of
                          Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Xiaoling Gu, a native and citizen of the People's Republic of China, seeks review of an August 14, 2020, decision of the BIA affirming an August 20, 2018, decision of an Immigration Judge ("IJ") denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *Xiaoling Gu*, No. A200 181 197 (B.I.A. Aug. 14, 2020), *aff'g* No. A200 181 197 (Immig. Ct. N.Y. City Aug. 20, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as supplemented and modified by the BIA's decision. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen*

2

*v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). "Accordingly, we review the agency's decision for substantial evidence and must defer to the factfinder's findings based on such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. . . . By contrast, we review legal conclusions *de novo.*" *Singh v. Garland*, 11 F.4th 106, 113 (2d Cir. 2021) (internal quotation marks omitted); *see also Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018) (reviewing adverse credibility determination "under the substantial evidence standard").

"[A] trier of fact may base a credibility determination on the . . . consistency between the applicant's . . . written and oral statements." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir.

3

2008); *accord Hong Fei Gao*, 891 F.3d at 76.

Substantial evidence supports the adverse credibility determination in this case. In a written statement attached to her application for asylum, withholding of removal, and CAT relief, Gu alleged that police raided a meeting of her underground Christian church and arrested her and others, and that she was "beaten and insulted and detained for three days." However, she testified before the IJ that she was not beaten. This contradiction about the sole incident of alleged persecution provides substantial evidence for the adverse credibility determination. *See Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 294 (2d Cir. 2006) ("Where the IJ's adverse credibility finding is based on specific examples in the record of inconsistent statements . . . about matters material to his claim of persecution . . . a reviewing court will generally not be able to conclude that a reasonable adjudicator was compelled to find otherwise." (quotation marks omitted)).

Gu's explanation that she was not referring to a physical attack when she wrote the word beaten, but instead meant that she was exhausted and demoralized, does not compel a contrary

4

conclusion. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (quotation marks omitted)). Gu does not support this explanation with evidence that the statement she wrote in Chinese should have been translated differently. *Id.; see also Siewe v. Gonzales*, 480 F.3d 160, 167-68 (2d Cir. 2007) ("Where there are two permissible views of the evidence . . . a reviewing court must defer to . . . [the factfinder's] choice so long as the deductions are not illogical or implausible." (quotation marks and citation omitted)). Gu did not exhaust her argument that the IJ had a responsibility to further develop the record, *see Steevenez v. Gonzales*, 476 F.3d 114, 117 (2d Cir. 2007) ("To preserve an issue for judicial review, the petitioner must first raise it with specificity before the BIA."), and counsel for the Department of Homeland Security questioned her extensively about the discrepancy.

In sum, the inconsistency about the sole incident of alleged harm provides substantial evidence for the adverse

credibility determination.  *See Xiu Xia Lin*, 534 F.3d at 167; *Xian Tuan Ye*, 446 F.3d at 294.  The adverse credibility determination is dispositive because asylum, withholding of removal, and CAT relief were based on the same factual predicate.  *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

                                   FOR THE COURT:
                                   Catherine O'Hagan Wolfe,
                                   Clerk of Court